UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. CARLSON, SR., Individually
and as Administrator of the Estate of
CLAUDIA D'AGOSTINO CARLSON
and as Assignee of WILLIAM PORTER;

                        Plaintiff

    vs.                           **Docket #11-cv-874-RJA**

AMERICAN INTERNATIONAL GROUP., INC.
AIG DOMESTIC CLAIMS, INC.
AMERICAN ALTERNATIVE INSURANCE CO.
NATIONAL UNTION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
DHL EXPRESS (USA), INC. f/k/a DHL WORLDWIDE
EXPRESS, INC.

                        Defendants

# **MEMORANDUM OF LAW**

BROWN CHIARI, LLP
**Attorneys for Plaintiff**
5775 Broadway
Lancaster, New York 14086
(716) 681-7190

## PRELIMINARY STATEMENT

This Memorandum is submitted in support of Plaintiff's Motion to Remand this matter to the New York State Supreme Court, Niagara County, for further proceedings. This suit was commenced in New York State Supreme Court on January 25, 2011 and seeks to collect on a Judgment from various insurance companies based on a verdict rendered in New York State Supreme Court arising out of a motor vehicle accident. Defendant American Alternative Insurance Co. (AAIC) filed a Notice of Removal on the sole basis of federal question jurisdiction. Plaintiff makes this motion on the grounds that AAIC's petition fails to comport with the strict procedural requirements for removal and also fails to demonstrate that this Court has federal question jurisdiction.

## ARGUMENT

### I.  FEDERAL REMOVAL REQUIREMENTS

Under 28 U.S.C. §1441, a defendant alleging original federal jurisdiction may have the pending state action removed upon filing a notice to remove within thirty (30) days of service of the pleading or other paper that suggests federal court jurisdiction. 28 U.S.C. §1446(b).

In addition to the thirty (30) day filing requirement, all defendants must join in the removal within the statutory thirty (30) day period. 28 U.S.C. §1441, §1446(b); *Payne v. Overhead Door Corporation*, 172 F. Supp.2d 475 (S.D.N.Y. 2001) (all defendants must submit unambiguous written consent to removal within statutory period); *Burr v. Toyota Motor Credit Co.*, 478 F. Supp.2d 432, 437 (S.D.N.Y. 2006); s*ee also, Codapro Corp. v. Wilson*, 997 F. Supp.

322, 326 (W.D.N.Y. 1998) (letter from attorney confirming co-defendant's consent to removal insufficient to satisfy rule of unanimity requirement that all defendants consent to removal).

The burden is on the party that removed the action to federal court to demonstrate (a) a jurisdictional basis; and (b) compliance with the statutory requirements, and "there is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Smith v. Kinkead*, No. Civ. 10283, 2004 WL 278542, at *1 (S.D.N.Y. Apr. 5, 2004) (citation omitted);  *see, Davies v. Belden & Blake Corporation*, 2001 WL 210471 (W.D.N.Y.);  *Fisher v. Building Services 32 B-J Health Fund*, 1997 WL 590843 (S.D.N.Y.), citing *Shamrock Oil & Gas Corp. v. Sheets, et al*., 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *DiPasquale v. Greyhound Lines, Inc.,* 1997 WL 374212 (W.D.N.Y.); *see also, Thomas v. Baldwin*, 189 F.Supp. 211 (E.D.N.Y. 2002); 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* §3739 at 424 (Jurisdiction 3d ed. 1998).

The Court reviews the Complaint, the Notice of Removal, and the state court record, to determine whether removal was proper. *Id.* at 468.  Removal statutes are to be construed against removal and in favor of remand. *Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina),* 428 F.Supp. 1035, 1037 (S.D.N.Y. 1977) (citing, *Shamrock Oil Co. v. Sheets*, *supra*).  In light of the "Congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters*., 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Piacente v. State Univ. of New York at Buffalo*, 362 F.Supp.2d 383, 386 (W.D.N.Y. 2004) (citing *Wilds v.*

*United Parcel Serv., Inc*., 262 F.Supp.2d 163, 176 (S.D.N.Y. 2003) ("defendant's right to remove and plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand") (citation omitted).  Furthermore, "this requirement has been interpreted strictly, for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his own forum."  *Nicola Products Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 172 (E.D.N.Y. 1988) (citations omitted).

## II. AAIC HAS FAILED TO TIMELY REMOVE THE STATE COURT ACTION

AAIC has argued in its removal petition that receipt of plaintiff's opposition to defendants' motions to dismiss on October 6, 2011 was its first opportunity to ascertain that the case is removable.  AAIC's position is meritless.  The basis of AAIC's removal is plaintiff's discussion of an insurance endorsement, MCS-90, created by federal statute that is attached to, and made a part of, its own insurance policy.  Therefore, AAIC knew when the State Court action based on a breach of its insurance obligations was commenced that the MCS-90 endorsement would likely be implicated.  Although the MCS-90 endorsement does not create federal subject matter jurisdiction, as will be explained below, AAIC cannot justly claim that when it received plaintiff's Complaint alleging breach of its insurance obligations, it was somehow unaware that the endorsement contained in its own policy would likely be implicated in the lawsuit.

As such, AAIC cannot now be heard to claim that plaintiff's opposition papers are the first papers "from which it may be ascertained that the case is one which is or has become

removable." Therefore, AAIC's receipt of the Summons and Complaint on or about February 18, 2011 (see Affidavit of Service attached to Walsh aff as Exhibit "B"), not its receipt of plaintiff's opposition to its motion to dismiss on October 6, 2011, should be the accrual date for measuring AAIC's compliance with the thirty (30) day removal requirement. Applying this accrual date, AAIC's removal is almost eight (8) months late pursuant to 28 U.S.C. §1446(b).

Stated another way, since the MCS-90 endorsement is included within the insurance policies that are clearly at issue based upon plaintiff's Complaint, and since the nature of plaintiff's claims would almost certainly implicate the endorsement, AAIC's attempt at removal, based solely upon reference to the MCS-90 endorsement in plaintiff's opposition papers to defendants' motions to dismiss, is untimely, and must be denied on that basis alone.

### III.   CO-DEFENDANT DHL HAS FAILED TO PROVIDE WRITTEN CONSENT TO REMOVAL

As stated above, all co-defendants must file a <u>written</u> consent to removal within the statutory thirty (30) day removal period. In this case, even *if* the accrual period is measured from receipt of plaintiff's opposition on October 6, 2011, co-defendant DHL has not filed an unequivocal, written consent to removal within the statutory period, as required to satisfy the rule of unanimity. *See Payne*, supra at 477. Since AAIC has failed to demonstrate the consent of all defendants to removal of this action, the case should be remanded for this reason alone.

### IV.   IN ADDITION TO AAIC'S FAILURE TO TIMELY REMOVE AND OBTAIN THE WRITTEN CONSENT OF ALL CO-DEFENDANTS, THE MCS-90 ENDORSEMENT DOES NOT RAISE A FEDERAL ISSUE SUFFICIENT TO CONFER FEDERAL QUESTION JURISDICTION

A state court action may be removed to federal court if the action can be brought originally in federal court, 28 U.S.C. §1441(a), as an action "arising under the Constitution, laws, or treaties of the United States," *Id.*; *see, Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. at 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257.  A federal court can hear state law claims that "implicate significant federal issues…and turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues," *Id.* at 312.  Whether federal question jurisdiction is implicated in a given case requires an analysis of the plaintiff's Complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citations omitted); *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) ("a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws of that Constitution") (citations omitted).

The Supreme Court later noted, in *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 701 (2006), that *Grable* "emphasized that it takes more than a federal element to open the 'arising under' door, and that this 'arising under' jurisdiction is a 'slim category' that *Grable* exemplifies."  In *Empire Healthchoice*, the case concern[ed] the proper forum for reimbursement claims when a Plan beneficiary, whose medical bills have been paid by the Plan administrator, recovers damages in a state-court tort action against a third party who caused the accident, raising the issue whether the insurer's reimbursement action arose under the laws of the United States for jurisdiction under §1331.  *Id.* at 682-683.  The insurer sought reimbursement out of a

settlement of a state personal injury action where the insured was a federal employee who obtained coverage under benefits package governed by the Federal Employee Health Benefits Act of 1959, 5 U.S.C. §§8901 et seq.  The Court denied federal question jurisdiction in that instance, rejecting arguments that such jurisdiction existed merely because of the source of the coverage that gave rise to that case, and also rejecting the United States' amicus argument that, under *Grable*, since federal law was a necessary element of the insurer's claim, there necessarily was federal question jurisdiction. *Id.* at 690, 699-701.  The Court distinguished *Grable* from the facts presented in *Empire Healthchoice* because *Grable* "centered on the action of a federal agency (IRS) and its compatibility with a federal statute, and thus the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases." *Id.* at 700 (quoting *Grable, supra* at 313).  In *Empire Healthchoice*, however, the reimbursement claim was triggered, not by federal agency action, but by private parties' state court litigation and the issue there was a factual question of what the insurer's share of that settlement was, a "fact-bound and situation-specific" matter.  *Id.* at 700-01.  The Court deemed the state courts competent to apply federal law (if necessary) to resolve the insurer's claim.  *Id.* at 701.

In the case of *Caggiano v. Pfizer, Inc.*, 384 F.Supp.2d 689 (S.D.N.Y. 2005), the district court denied federal jurisdiction where state law tort claims were "peppered" with federal law violations, concluding that "[t]hese contextual allegations, however, are not enough to confer federal question jurisdiction where the violation of federal law alleged was simply one of the multiple theories on which plaintiff may possibly prevail." *Id.* at 691.  The court had

consolidated 46 state cases in which plaintiff alleged state law claims that defendants caused the drug Neurontin to be used for unsafe purposes and misled doctors and patients as to Neurontin's safety and efficacy. *Id.* at 690.

As noted by the Court:

"These contextual allegations, however, are not enough to confer federal question jurisdiction. Where no federal claim has been pleaded, a case only 'arises under' federal law if a plaintiff's 'right to relief under state law requires resolution of a substantial question of federal law.' The factual allegations set forth in the complaint state claims under New York law regardless of whether any federal law has been violated…put another way, a jury could find defendants liable on each and every one of the eight claims without being required to determine whether any federal law had been violated. That facts alleged may also constitute violations of federal law…is neither here nor there" (citations omitted).

Similarly, in this case, plaintiff has filed a Complaint in New York State Court, County of Niagara, seeking recovery on a Judgment entered in a prior action involving a motor vehicle accident. Plaintiff has alleged in the State Court action that defendant, AAIC, and other defendant insurance companies, are responsible for satisfying the underlying Judgment based on insurance policies they issued that cover the vehicle that struck and killed plaintiff's decedent. Plaintiff's Complaint alleges that the underlying tort-feasors (MVP and Porter) were insureds under the policies of motor vehicle liability insurance issued by the defendant insurance companies, and that said insurance companies are responsible for satisfying the outstanding Judgment pursuant to New York State Insurance Law §3420, the "Direct Action" statute authorizing a claim by an insured directly against an insurer. Plaintiff also alleges in the Complaint that defendants are liable for fraudulent misrepresentation, bad faith, violation of New

York State General Business Law §349, and conspiracy, all relating to their known concealment of available insurance to cover the underlying loss.  Notably, there are no claims or allegations made in the Complaint that raise a federal question that must be resolved by a federal court.  Simply stated, plaintiff has alleged that defendants have breached their obligations under the insurance contracts to provide coverage to the underlying tort-feasors and satisfy the outstanding Judgment against them.

Plaintiff's discussion of the MCS-90 endorsement in its opposition papers does not constitute a "new claim," as alleged by defendant.  Rather, the MCS-90 endorsement, which is a component of each of the policies at issue in this case, constitutes only part of the evidence by which plaintiffs expect to prove that defendants knew that they had to cover "independent contractors," such as the underlying tort-feasor, in their insurance policies. *See*, *Broder v. Cablevision Systems Corporation*, 418 F3d 187 (2nd Cir. 2005) ("where a federal issue is present as only one of multiple theories that could support a particular claim…this is insufficient to create federal jurisdiction") (citations omitted).  Thus, while the MCS-90 endorsement is attached to AAIC's insurance policy and ensures coverage of independent contractors under the facts of the underlying tort action in accordance with the case law cited in plaintiff's opposition papers to defendants' motions to dismiss (see Tab 52 attached to AAIC's removal petition), it does not by any means suffice to raise a federal question, such that this case would properly be removed from state court.

Further, as in *Empire Healthchoice*, there is no federal agency involved.  Plaintiff's claims against the defendant insurance companies are triggered not be federal agency action, but

by private parties' state court litigation, and the issue in the case is a factual question of whether the underlying tortfeasor is entitled to coverage under defendants' policies of insurance, a "fact-based and situation-specific" matter that a State Court is competent to resolve.  Simply stated, the MCS-90 endorsement in AAIC's insurance policy does not make plaintiffs' state court claims for coverage a substantial federal issue.  Even if the state court examines the federal regulatory scheme and purpose of said endorsement, such analysis would be merely tangential to plaintiff's overall insurance coverage claims.

Plaintiff's right to relief under state law requires contract interpretation, not resolution of a substantial question of federal law.  The factual allegations of the Complaint state claims under New York law, and can be proven without even resorting to the MCS-90 endorsement in the insurance contracts.  In other words, a jury could find defendants liable on each and every one of plaintiff's causes of action in the Complaint without even being required to consider the MCS-90 endorsement.  As in *Caggiano*, the consideration of an insurance endorsement created by federal statute is not a requirement to plaintiff's causes of action, but rather is one of the multiple issues to be raised by the plaintiffs regarding the defendants' breach of their obligations under the insurance contracts.  As was found in *Caggiano, supra* at 691, the "federal standards merely inform the content of classically state-law duties… the factual allegations set forth in the complaint state claims under New York law regardless of whether any federal law has been violated." *Id.* at 690.

In addition, similar to the Court's finding in *Grable*, granting federal jurisdiction in this case would attract a horde of original filings and removal cases raising other state insurance coverage claims with embedded federal issues.

## **CONCLUSION**

Defendant AAIC has failed to timely remove the state court action within the strictly construed thirty (30) day statutory period. Further, co-defendant DHL has not provided unequivocal, written consent to removal within the same statutory period as required to satisfy the rule of unanimity. Thus, the case should be remanded on these bases alone.

In addition, AAIC's reliance on the MCS-90 insurance endorsement is not sufficient to confer federal question jurisdiction in light of the nature of plaintiff's insurance coverage claims in this particular case. The federal endorsement, when considered in the context of this coverage dispute, does not justify tilting the balance of federal-state court jurisdiction to have federal courts take on this, and similar, coverage dispute cases. To find that this insurance coverage dispute must be heard by a federal court is to potentially implicate thousands of similar insurance coverage disputes between insurers and insureds. Thus, plaintiff's motion to remand should also be granted on this basis.

DATED: Lancaster, New York
      November 15, 2011                 S/Theresa M. Walsh
                                                 Theresa M. Walsh, Esq.
                                                 BROWN CHIARI, LLP
                                                 **Attorneys for Plaintiff**
                                                 5775 Broadway
                                                 Lancaster, New York  14086
                                                 (716) 681-7190
                                                 twalsh@brownchiari.com