UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL J. CARLSON, SR., Individually
and as Administrator of the Estate of
CLAUDIA D'AGOSTINO CARLSON
and as Assignee of WILLIAM PORTER;

                          Plaintiff

          vs.                                    **Docket #11-cv-874-RJA**

AMERICAN INTERNATIONAL GROUP., INC.
AIG DOMESTIC CLAIMS, INC.
AMERICAN ALTERNATIVE INSURANCE CO.
NATIONAL UNTION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
DHL EXPRESS (USA), INC. f/k/a DHL WORLDWIDE
EXPRESS, INC.

                          Defendants

_____

# MEMORANDUM OF LAW

BROWN CHIARI, LLP
**Attorneys for Plaintiff**
5775 Broadway
Lancaster, New York  14086
(716) 681-7190

## PRELIMINARY STATEMENT

This Memorandum is submitted in further support of Plaintiff's motion to remand this matter back to the New York State Supreme Court, Niagara County for further proceedings.

The Plaintiff respectfully submits that under the prevailing case law, defendant AAIC's removal petition is defective and requires this case to be remanded back to New York State Supreme Court. Defendants' use of the authorities cited in their papers in opposition to this motion are both misplaced and provide an inaccurate representation of the state of the prevailing law with respect to the issues in dispute.

## ARGUMENT

### POINT I

#### DHL failed to submit timely written consent to removal

Defendants' opposition to this point merely consists of a statement that DHL acknowledged in its brief in support of its motion to dismiss that this Court has jurisdiction over the MCS-90 endorsement. To be more specific, DHL's "acknowledgment of jurisdiction" is actually contained in a footnote in its Memorandum of Law to dismiss Plaintiff's claims. It is submitted that a footnote in a Memorandum of Law referencing a co-defendant's arguments in a Notice of Removal is wholly inadequate to satisfy the "consent to removal" requirement in accordance with the removal statute and case law cited in plaintiff's motion to remand. See *Payne v. Overhead Door Corporation*, 172 F.Supp.2d 475 (S.D.N.Y. 2001) (all defendants must submit unambiguous written consent to removal within statutory period); *Burr v. Toyota Motor*

*Credit Co.*, 478 F. Supp.2d 432, 437 (S.D.N.Y. 2006); see also, *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (W.D.N.Y. 1998) (letter from attorney confirming co-defendant's consent to removal insufficient to satisfy rule of unanimity requirement that all defendants consent to removal). Simply stated, DHL's "footnote" does not constitute "unambiguous written consent" to removal as required by *Payne*, supra.

As evidence of DHL's knowledge that said footnote does not suffice to satisfy the rule of unanimity, it belatedly filed a formal Consent to Removal on November 17, 2011, outside the statutorily required thirty (30) day period, even assuming that said period began to run, as argued by the defendants AAIC, upon receipt of Plaintiff's opposition to Defendants' motions to dismiss on October 6, 2011. (See **Exhibit A**, Affidavit of Theresa M. Walsh, Esq. dated December 19, 2011).

Thus, Defendants have failed to meet their burden of demonstrating compliance with the strict procedural requirements of the removal statute and related case law, specifically the rule of unanimity requiring all defendants to file an unambiguous written Consent to Removal within the thirty (30) day removal period, and the case must be remanded to state court on this basis alone.

## POINT II

### MSC-90 endorsement does not raise a substantial federal issue that must be decided by a Federal Court

In arguing that the MCS-90 endorsement raises a substantial question of federal law that must be decided by a Federal Court, defendants argue that the endorsement is "a creature of

federal law" which is "mandated by a federal regulation."  Whether the endorsement is a

"creature of federal law," however, is a totally separate and distinct question from whether its

inclusion in an opposition to a motion to dismiss in an insurance coverage dispute case raises a

substantial question of federal law sufficient to confer federal question jurisdiction for removal

purposes.

It is apparent that, in making this argument, defendants are confusing the concepts of

"exclusive" jurisdiction with "parallel" jurisdiction.  Although a federal district court has

"parallel" jurisdiction with state courts over certain types of claims, (e.g. "§1983" and "EEOC"

claims), it certainly does not have exclusive jurisdiction over such claims, which can also be

brought in state court.  Similarly here, although the federal district court certainly has "parallel"

jurisdiction over the MCS-90 endorsement, it is by no means "exclusive," as Defendants argue.

Applying this rationale, Defendants have failed to satisfy their burden of demonstrating a

substantial question of federal law that must be resolved be a federal court sufficient to disturb

plaintiff's choice of forum.

Plaintiff has alleged that Defendants breached their obligations under the insurance

contracts to provide coverage to the underlying tort-feasors.  To be sure, the state court is

competent to interpret the MCS-90 endorsement in the context of plaintiff's state law claims

without requiring resort to the "experience, solicitude and hope of uniformity that a federal

forum offers on federal issues."  In fact, the New York State Court of Appeals specifically

addressed the MCS-90 endorsement in the seminal case of *Pierre v. Providence Washington Ins.

Co.*, 99 N.Y.2d 222, 224, 784 N.E.2d 52 (2002).  In *Pierre*, the State Court of Appeals discussed

at length the purpose of the statutory and regulatory scheme governing the interstate-trucking industry, and the fact that the MCS-90 endorsement was intended to address abuses that had arisen in the industry which threatened public safety, including the use by motor carriers of leased or borrowed vehicles to avoid financial responsibility for accidents that occurred while their goods were being transported in interstate commerce. *Id.* at 227.

As previously stated, Plaintiff's state law insurance coverage claims can be decided without even resorting to the MCS-90 endorsement. Even if the state court examined the federal regulatory scheme and purpose of said endorsement, as the State Court of Appeals did in *Pierre*, such analysis would be merely tangential to Plaintiff's insurance coverage claims, which, as stated, can be proven without resort to the MCS-90 endorsement. In short, Plaintiff's right to relief does not "necessarily depend" on resolution of a substantial question of federal law. See *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 701, 126 S.Ct. 2121 (2006). Further, as emphasized by the *Empire* Court, the "arising under" jurisdiction is a "slim category." *Id.* at *71*.

In a recent case of this Court, *Deluca v. Tonawanda Coke Corporation*, et al., 2011 U.S. Dist. LEXIS 96110 (W.D.N.Y. Aug. 25, 2011), plaintiffs were members of a class that brought an action in state court for medical problems and property damage arising out of defendants' release of benzene emissions into the environment. Defendants attempted to remove the case, arguing that "arising under" federal jurisdiction existed because there are substantial questions of federal law embedded within plaintiffs' state law causes of action. *Id*. at *13. Defendants pointed out that the complaint referred to determinations by the EPA that defendants violated

several federal statutes, including the Clean Air Act and Clean Water Act.  Defendants also

pointed out that the EPA and U.S. Attorney had instituted federal administrative and criminal

proceedings based on the same conduct underlying plaintiffs' claims. *Id.*  The Court found that

defendants failed to establish "arising under" jurisdiction, noting that all but one of the causes of

action turned on questions of state law.  Despite the fact that plaintiffs alleged violations of "state

and federal law," and therefore constituted negligence *per se*, the Court found that this does not

create a "necessary" federal law question.  The Court stated "it is clear that where there are

alternative, non-federal bases for liability on a state cause of action, there is no 'necessary'

federal law question permitting the exercise of federal jurisdiction.  *Id.* at *16; See *Broder v.

Cablevision Systems Corporation*, 418 F.3d 187 (2nd Circ. 2005) (where a federal issue is present

as only one issue that could support a particular claim… this is insufficient to create federal

jurisdiction").  The Court further found that the references to federal law violations and

proceedings are merely contextual allegations and cannot transform this state case into one

appropriate for federal jurisdiction.  *Id.* at *18; See *Segal v. Varonis Sys., Inc.*, 601 F.Supp.2d

551, 554-55 (S.D.N.Y. 2009) (no jurisdiction where plaintiff's wrongful discharge, tort and

breach of contract complaint contained allegations that the defendant had failed to pay wages and

benefits as required under U.S. Department of Labor rulings; these were "contextual allegations"

that did not themselves assert federal causes of action).

Finally, the *Monroe* case cited by defendant is inapposite.  The most glaring, and

determinative, difference between *Monroe* and the subject case is that *Monroe* was a declaratory

judgment action that was originally filed in Federal Court, and there was no dispute over federal

subject matter jurisdiction.  Here, however, Plaintiff's case was originally filed in state court and was subsequently removed by Defendant AAIC.   Therefore, in this case, unlike *Monroe*, the Court must construe the removal statute "narrowly" in order to preserve Plaintiff's right to choose his forum.  *Piacente v. State Univ. of New York at Buffalo*, 362 F.Supp.2d 383, 386 (W.D.N.Y. 2004) citing *Wilds v. United Parcel Service, Inc*., 262 F. Supp.2d 163, 176 (S.D.N.Y. 2003) (defendant's right to remove and plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand") (citation omitted). Thus, the Court's rationale in *Monroe* does not apply in this case because in *Monroe,* the Court was not asked to construe the MCS-90 endorsement in the context of other state law claims that had been properly brought in state court.

Since Plaintiff can prove the factual allegations set forth in the Complaint without resort to the federal endorsement, Defendants' reliance on the MCS-90 endorsement to confer Federal Court jurisdiction is misplaced, and remand must be granted on this basis as well.

### POINT III

### AAIC's Notice of Removal was untimely

The fact that the MCS-90 endorsement was not pled in plaintiff's complaint does not negate the fact that AAIC knew said endorsement was part of its policy that formed the basis of plaintiff's complaint when the state court action was commenced.  Therefore, if AAIC wants to rely on the MCS-90 endorsement as the sole basis to confer federal question jurisdiction, it should be held to such knowledge in deciding whether removal was timely.  The *Soto* case is distinguishable as it involves an employment discrimination situation that implicated federal

civil rights laws.  Here, plaintiffs have alleged breach of insurance contracts that do not necessarily implicate a federal law, as in *Soto*, but merely contain an endorsement created by federal statute that plaintiff may rely upon to prove defendants' intent to cover the tortfeasors in the underlying tort action.

Since the MCS-90 endorsement is included within the insurance policies that are clearly at issue based upon the plaintiff's complaint, AAIC's attempt at removal based solely upon reference to the MCS-90 endorsement in plaintiff's opposition papers to defendants' motions to dismiss, is untimely, and removal must be denied on this basis as well.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that Defendants have failed to comply with the strict procedural requirements for removal, and also failed to demonstrate a substantial federal issue that must be decided by the Federal Court sufficient to disturb Plaintiff's choice of forum.  Accordingly, Plaintiff's remand motion should be granted.


DATED: Lancaster, New York
      December 19, 2011                             <u>     S/Theresa M. Walsh     </u>
                                              Theresa M. Walsh, Esq.
                                              BROWN CHIARI, LLP
                                              **Attorneys for Plaintiff**
                                              5775 Broadway
                                              Lancaster, New York  14086
                                              (716) 681-7190
                                              twalsh@brownchiari.com

      .

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL J. CARLSON, SR., Individually
and as Administrator of the Estate of
CLAUDIA D'AGOSTINO CARLSON
and as Assignee of WILLIAM PORTER

               Plaintiff

vs.

AMERICAN INTERNATIONAL GROUP., INC.
AIG DOMESTIC CLAIMS, INC.
AMERICAN ALTERNATIVE INSURANCE CO.
NATIONAL UNTION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
DHL EXPRESS (USA), INC. f/k/a DHL WORLDWIDE
EXPRESS, INC.

               Defendants

_____

**CERTIFICATE OF SERVICE**
**Docket #: 11-cv-874-RJA**

     I hereby certify that on December 19, 2011, I electronically filed Memorandum of Law in Reply in the above captioned matter with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following CM/ECF participants in this case: Ann M. Campbell, Esq.; Thomas J. Drury, Esq.; Patrick Lawless, Esq. and Thomas Witz, Esq.

DATED:  December 19, 2011
        Lancaster, New York

                     S/Theresa M. Walsh
                  Theresa M. Walsh, Esq.
                  BROWN CHIARI, LLP
                  5775 Broadway
                  Lancaster, New York  14086
                  (716) 681-7190
                  twalsh@brownchiari.com